377 So.2d 909 (1979)
Thomas W. DURHAM
v.
STATE of Mississippi.
No. 51516.
Supreme Court of Mississippi.
November 28, 1979.
Moore & Selph, Deborah Selph, Jackson, for appellant.
A.F. Summer, Atty. Gen. by Catherine Walker Underwood, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, SUGG and COFER, JJ.
SUGG, Justice, for the Court:
Defendant was indicted for burglary during the April, 1977 term of Circuit Court of Leake County, arraigned April 28, tried and convicted on November 22, 1978, and sentenced to imprisonment for six years.
Defendant assigns as error the action of the trial court in overruling his motion for dismissal. The motion to dismiss was based on section 99-17-1 Mississippi Code Annotated (Supp. 1978) which requires trial of a defendant no later than 270 days after arraignment unless good cause be shown for failure to try within the time prescribed by statute. We held in Payne v. State, 363 So.2d 278 (Miss. 1978) that our speedy trial statute is plain and unambiguous and requires that a defendant be tried no later than 270 days after his arraignment unless good cause be shown for trial after 270 days. The state bears the burden of bringing a defendant charged with crime to trial within the time prescribed by statute, or show good reason for failure to comply with the statute.
In this case, defendant was tried more than 270 days after his arraignment, thus presenting the question of whether good cause was shown for the delay in bringing defendant to trial.
At the April, 1977 term the attorney representing defendant did not appear because of the death of a relative in a distant state. The attorney's secretary appeared and announced to the court that the attorney would be back during the term of court. No motion for continuance was made but the defendant was not tried at the April, 1977 term.
The next term of court opened on November 14, 1977. The defendant did not appear and a motion for judgment nisi was sustained on opening day. On November 15 an attorney was appointed by the court to represent defendant who immediately made a motion for a continuance. Another motion for continuance was filed on November 22 by defendant's attorney on the ground that he had not had sufficient time to prepare for trial. No order was entered on the *910 motion so the case stood continued for the term.
The next term for the trial of criminal cases convened on April 24, 1978, and was continued because of the absence of Jerry Jones, a material witness for the state. This continuance was sought because the city marshal, Billy Wayne Gilbert, died in March, 1978, as the result of injuries sustained in an automobile accident. After Gilbert's death, Jones was the only remaining witness to certain material facts necessary to be proven. The Supreme Court of the United States observed in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972) that absence of a material witness for the state is a valid reason justifying appropriate delay in the trial of a defendant.
Although defendant was tried 584 days after his arraignment, he was tried within the time fixed by section 99-17-1 because good reason was shown for the delay. Section 9-7-27 Mississippi Code Annotated (Supp. 1978) provides for three terms of court in Leake County to be held on the second Monday in January, fourth Monday in April, and the second Monday in November in each year. The January term is for trial of civil cases exclusively. Only four terms of court were involved in this case. At the first term, April, 1977, defendant's counsel was not present; at the second term, November, 1977, defendant requested a continuance for his attorney to prepare for trial. At the third term, April, 1978, the case was continued because of the absence of a material witness for the state. Defendant was tried at the following (fourth) term in November, 1978, when the missing witness, Jones appeared and testified. We therefore hold that good cause was shown for the delay in the trial of the defendant and his constitutional right to a speedy trial was not violated.
Defendant also contends that the verdict was against the overwhelming weight of the evidence. The only testimony in the case was offered on behalf of the state and was obtained from four witnesses, namely, Paul Junior Dickerson, Jerry Jones, Joe Mack Thaggard and Jim L. Lambert, Jr. About 9:00 o'clock p.m. on February 13, 1977, Dickerson saw David Murphy break the front window of the Hospital Discount Drugstore and enter the store. Dickerson immediately sought assistance from Jones who remained at the front of the store while Dickerson went to summon the town marshal, Billy Wayne Gilbert. Before Dickerson and Gilbert returned, Jones observed a van enter the street from an alley behind Chadwick's Five and Ten Cent Store located across the street from the drugstore. Jones kept the van in sight and he and the marshal, Gilbert, pursued the van in Gilbert's car. As they gave chase, Gilbert radioed officers in Scott County, identified the van, and requested that it be stopped. The Scott County authorities were successful in stopping the van and when Gilbert and Jones arrived, three males got out of the van. The three were placed in Gilbert's car to be transported back to Walnut Grove with Jones driving the van on the return journey.
The Sheriff of Leake County, Joe Mack Thaggard, was waiting at the drugstore when the marshal and Jones arrived. Upon learning that a van had exited the alley behind Chadwick's Store, Thaggard investigated and discovered a box containing several bottles of pills, a small crowbar, and a two foot hollow metal rod behind the store. Lambert, pharmacist for the drugstore, identified the pills as the ones taken from the drugstore. Thaggard also observed behind Chadwick's Store, two sets of tracks going and coming across the red sand that covered the area. Red sand similar to that which covered the parking area, was also found in the drugstore. Thaggard identified defendant as one of the three males seated in the backseat of Gilbert's car. He further testified that defendant was wearing a pair of black, hightop zipper boots, which were obtained for the purposes of taking a mud sample. Red sandy mud similar to that behind Chadwick's Store was found on the boots.
In our opinion the evidence for the state was sufficient to support the verdict of the jury. We therefore affirm.
AFFIRMED.
*911 PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.