481 So.2d 760 (1985)
Charles Allen NATIONS
v.
STATE of Mississippi.
No. 56099.
Supreme Court of Mississippi.
November 20, 1985.
Harry L. Kelley, Florence, for appellant.
*761 Edwin Lloyd Pittman, Atty. Gen. by Billy L. Gore, Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, C.J., and HAWKINS and ROBERTSON, JJ.
ROBERTSON, Justice, for the Court:
Charles Allen Nations was charged and convicted of a sale of marijuana, a Schedule I controlled substance, in an amount of more than one kilogram, in violation of Miss. Code Ann. § 41-29-139(a)(1) and 41-29-113(c)(11) (Supp. 1984). He was sentenced to a term of eight years with four years suspended in accordance with the provisions of Miss. Code Ann. § 41-29-139(b)(1) (Supp. 1984). Nations now prosecutes this appeal to this Court assigning as error the trial judge's denial of his motion to quash the indictment for failure of the State to prosecute the case within the 270 day time limit provided in Miss. Code Ann. § 99-17-1 (Supp. 1984).[1]
On the evening of March 3, 1983, in Satartia, Yazoo County, Mississippi, an undercover agent for the Mississippi Bureau of Narcotics arranged for a purchase of fifty pounds of marijuana from one Donald Lugrin and his cohorts, one of whom was Charles Allen Nations. All arrangements for the sale were completed at Lugrin's mobile home and the transfer of the drugs and the purchase money was to be effected at a dump site where the drugs had been stashed. At the moment of transfer, the undercover agent and his colleagues, who had been hiding in the camper shell of the truck used by him, surprised and arrested one Earl Harris, a member of the defendant team. Charles Allen Nations, the Defendant below and Appellant here, was thereafter arrested at Lugrin's mobile home along with the others. Suffice it to say that there is an abundance of evidence in this record which places the jury's verdict of guilty well beyond our authority to disturb. Williams v. State, 463 So.2d 1064, 1067-68 (Miss. 1985). We do not understand Nations to argue seriously to the contrary.
Miss. Code Ann. § 99-17-1 (Supp. 1984) states:
Unless good cause be shown, and a continuance duly granted by the court, all offenses for which indictments are presented to the court shall be tried no later than two hundred seventy (270) days after the accused has been arraigned.
The speedy trial statute is plain and unambiguous. Payne v. State, 363 So.2d 278, 279 (Miss. 1978). This statute requires that a defendant must be tried no later than 270 days after his arraignment unless good cause for delay is shown. Speagle v. State, 390 So.2d 990, 993 (Miss. 1980); Durham v. State, 377 So.2d 909 (Miss. 1979). The time prior to arraignment is not computed to determine compliance with the statute. Perry v. State, 419 So.2d 194, 198 (Miss. 1982); Davis v. State, 406 So.2d 795 (Miss. 1981).
It is axiomatic that "a defendant has no duty to bring himself to trial". Barker v. Wingo, 407 U.S. 514, 527, 92 S.Ct. 2182, 2190, 33 L.Ed.2d 101, 115 (1972); Turner v. State, 383 So.2d 489, 491 (Miss. 1980). In cases involving our Section 99-17-1 where the facts reflect that the accused's trial did not commence within 270 days of arraignment, the State bears the burden of establishing that there was good cause for the delay. Turner v. State, 383 So.2d 489, 491 (Miss. 1980); Durham v. State, 377 So.2d 909 (Miss. 1979). Where the record is silent regarding the reason for delay, the clock ticks against the State, for the State bears the risk of non-persuasion on the good cause issue.
Background for our consideration of the issue tendered is the statutory provision for four terms of circuit court in Yazoo County each year: January, April, August and November. Miss.Code § 9-7-23 *762 (1972). Between the date of Nations' arraignment until the date of his trial, court terms opened
(a) on November 7, 1983, for eighteen (18) days;
(b) on January 9, 1984, for eighteen (18) days;
(c) on April 2, 1984, for eighteen (18) days; and
(d) on August 6, 1984, for eighteen (18) days.
The record reflects that more than 387 days elapsed between the time of arraignment and the time of trial. While not all of this delay is explained fully in the record, much of it is attributable to a continuance granted for good cause and to Nations' change of attorneys. The chronology reads as follows:

 Waiver of Arraignment & Entry of
 Not Guilty Plea August 1, 1983
 Opening of August term August 1, 1983
 Order continuing cause, order does
 not show on whose motion. August 19, 1983
 Order For Withdrawal of Counsel
 entered in vacation September 23, 1983
 Letter informing court of retainer
 of new attorneys October 27, 1983
 Opening of November term November 3, 1983
 Withdrawal of defense counsel,
 and end of April term and
 continuance of pending matters April 20, 1984
 Opening of August Term August 6, 1984
 Motion To Dismiss Indictment For
 Failure To Prosecute Within 270
 Day Limit August 6, 1984
 Motion Overruled August 6, 1984
 Motion Renewed and overruled August 22, 1984
 Trial August 22, 1984

According to this chronology 387 days elapsed from the date of arraignment to the date of trial.
The continuance granted August 19, 1983, produced an 80 day delay, ending upon the convening of the November term on November 7, 1983. The record does not reflect who made the motion. It does, however, contain a written order of the circuit judge reciting "that said motion is well taken and should be granted". Such language is the equivalent of a judicial determination that good cause existed for the continuance. Section 99-17-1 excepts from the limitations period delays resulting from "good cause". While it would be better practice for the trial judge to recite in his order what the cause was, this is not necessary in order that the continuance toll the running of the 270 day time limitation.
Parenthetically, we note that Nations was in no situation to go to trial during much of this time in any event. His original attorney, D.S. Shipp, withdrew on September 23, 1983. The record reflects that Nations was without counsel for more than a month. On October 27, 1983, F. Kent Stribling and E. Hugh Cunningham entered an appearance as new counsel for Nations. The record does not reflect that Nations objected to this continuance or that he took any steps to demand a trial at the August term of court.
We hold on these facts that during the 80 day time frame between August 19, 1983, and the opening day of the November term, November 7, 1983, the running of the limitation period was tolled. See Brady v. State, 425 So.2d 1347, 1351-52 (Miss. 1983); State v. Davis, 382 So.2d 1095, 1098 (Miss. 1980).
Next, we find an order entered on April 20, 1984, allowing the withdrawal of Nations' second set of attorneys  Messrs. Stribling and Cunningham. This order expressly recites
that the defendant herein has made known unto the court his approval to the withdrawal of said attorneys.
Again, Nations was in no situation to go to trial without an attorney. There is nothing in the record to suggest that he in any way requested a trial during the April 1984 term. Rather, the record reflects that the only action Nations took during the April term was to dispatch his lawyers. This resulted in a delay of some 108 days, for the next term did not convene until August *763 6, 1984. Because of Nations' express acquiescence, the 270 day limitations period was tolled until the next term of court. Cf. State v. Sistrunk, 404 So.2d 564, 565 (Miss. 1981).
We hold that during at least 188 days of the time between Nations' arraignment and the date of his trial, the clock was not ticking. That being the case, he was afforded a trial consistent with the obligations imposed upon the State of Mississippi by virtue of the 270 day rule found in Miss. Code Ann. § 99-17-1. There being no other assignment of error presented, the judgment of the Circuit Court is affirmed.
CONVICTION OF SALE OF A SCHEDULE I SUBSTANCE AND SENTENCE OF EIGHT (8) YEARS WITH FOUR (4) YEARS SUSPENDED AFFIRMED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, PRATHER and SULLIVAN, JJ., concur.
ANDERSON, J., not participating.
NOTES
[1] No issue is tendered, directly or indirectly, respecting the right to a speedy trial secured by the Sixth and Fourteenth Amendments to the U.S. Constitution and by Article 3, § 26 of the Mississippi Constitution.