This appeal by the Mississippi Bar arises from the dismissal of disciplinary proceedings against an attorney for the Bar's undue delay in pursuing disciplinary actions. The attorney filed a Motion to Dismiss three days prior to the scheduled hearing, which the Complaint Tribunal granted on the grounds that the attorney had been denied a speedy resolution. Finding that the Tribunal was incorrect in applying the factors set forth inBarker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), we reverse and remand for another disciplinary proceeding.
 STATEMENT OF THE FACTS
On August 10, 1990, a formal complaint was filed by the Bar alleging that the attorney acknowledged a document in 1988 for recording purposes which cancelled a deed of trust previously paid off in 1983. After several attempts to get a release executed, the attorney sent a final letter which included a release and a self-addressed, stamped envelope requesting that the release be executed. The letter further stated that failure to sign the release would result in his filing suit. The document was signed and promptly returned to the attorney. The signature was purported to be that of the person in charge at the finance company, but it was not notarized. Apparently when the document was returned to the attorney, the attorney notarized it himself and recorded the document. Only later did the purported signor learn of the execution and recording of the document. Claiming to have never signed the document, he alerted the Mississippi State Bar. After *Page 373 
an investigation of the matter, the Bar determined that the person who allegedly signed the document did not appear nor execute the document in the presence of this attorney when he notarized the document.
The Bar filed a formal complaint against the attorney on August 10, 1990. On August 20, 1990, then-Chief Justice Roy Noble Lee appointed a three person Complaint Tribunal panel to hear the matter. Two days later on August 22, 1990, the Bar's general counsel sent a proposed Scheduling Order to Circuit Judge Jerry O. Terry, the presiding judge of the Complaint Tribunal. Evidently, this order was never signed by the judge and nothing more was done to pursue the matter. Finally, on January 28, 1992, the Bar's general counsel corresponded with the attorney's counsel informing them that the Bar had never received the Scheduling Order from Judge Terry. The Bar proposed that the hearing be set for April 16, 1992. Three days prior to this scheduled hearing, the attorney filed a motion to dismiss with the Complaint Tribunal for lack of speedy resolution. The matter was considered wherein the majority of the Complaint Tribunal applied the Barker factors and found that the Bar's lack of speedy resolution warranted the dismissal of the pending disciplinary charges. The remaining Tribunal member wrote a dissenting opinion. The sole issue on appeal is as follows:
 DOES MERE DELAY, WITHOUT PREJUDICE, IN A BAR DISCIPLINARY PROCEEDING WARRANT DISMISSAL. DISCUSSION
In Underwood v. Mississippi State Bar, 618 So.2d 64, 66-67 (Miss. 1993), we stated the appropriate standard of review in Bar discipline matters as being de novo:
 "The Supreme Court of Mississippi (the Court) has exclusive and inherent jurisdiction of matters pertaining to attorney discipline, reinstatement, and appointment of receivers for suspended and disbarred attorneys. . . ." Rule 1 of the Rules of Discipline for the Mississippi State Bar (1984). On appeal, this Court "shall review the entire record and the findings and conclusions of the Tribunal, and shall render such orders as the Court may find appropriate." Foote v. Mississippi State Bar Association, 517 So.2d 561, 564 (Miss. 1987) (quoting Rule 9.4 of the Rules of Discipline for the Mississippi State Bar (1984)). When reviewing disciplinary matters this Court, "reviews the evidence de novo, on a case-by-case basis, sitting as triers of fact, and no substantial evidence or manifest error rule shields the Tribunal from scrutiny." Foote, 517 So.2d at 564; (citing Hoffman v. Mississippi State Bar Association, 508 So.2d 1120, 1124 (Miss. 1987); Vining v. Mississippi State Bar Association, 508 So.2d 1047, 1049 (Miss. 1987); Mississippi State Board of Psychological Examiners v. Hosford, 508 So.2d 1049, 1054 n. 4 (Miss. 1987).
 While the review of evidence is de novo,
deference is given to the Tribunal's findings "due to its exclusive opportunity to observe the demeanor and attitude of the witnesses, including the attorney, which is vital in weighing the evidence." Broome v. Mississippi Bar, 603 So.2d 349, 353 (Miss. 1992); Mississippi State Bar v. Strickland, 492 So.2d 567
(Miss. 1986).
In the case sub judice, the Complaint Tribunal dismissed the pending charges against the attorney on the grounds that he was denied a speedy resolution on these charges. In rendering the decision, the Tribunal applied the factors set forth in Barkerv. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), which provide guidelines for determining whether the right to a speedy trial has been violated. The Tribunal also utilized language found in Rule 8.1 of the Rules of Discipline pertaining to the 180 day period to dismiss disciplinary charges.
The Bar has appealed the Complaint Tribunal's decision, arguing that the Barker test is inapplicable to disciplinary proceedings. The Bar argues that disciplinary proceedings are not criminal proceedings and therefore not controlled by the same criminal standards found in Barker. See Levi v. MississippiState Bar, 436 So.2d 781, 783 (Miss. 1983). Rather, the Bar argues that the Mississippi Rules of Discipline control disciplinary proceedings and that these rules are *Page 374 
directory and not jurisdictional, citing Rule 26, which states:
 References to time within these rules and procedural sections are directory and not jurisdictional. Time limitations are administrative, not jurisdictional; however, the time for filing appeals or seeking reinstatement shall be jurisdictional. Failure to observe directory time interval may result in contempt of the agency having jurisdiction but will not justify abatement of any disciplinary investigation or proceeding. [Emphasis supplied].
The Bar recognized and conceded that a sizable delay occurred, but argued that the accused attorney suffered no prejudice as a result of such delay.
The accused attorney, on the other hand, argued that the Complaint Tribunal was correct when it applied the Barker
factors. Besides applying the Barker factors, the attorney argued that the Mississippi Rules of Discipline expressly provide that bar disciplinary proceedings be conducted in an expeditious manner. The attorney specifically cited:
 Rule 2
 (a) Each of the disciplinary agencies is hereby given such jurisdiction and lawful powers as are necessary to conduct a proper and speedy disposition of any complaint.
 Rule 5
 [A]ll proceedings under these rules shall be expeditiously conducted to the end that no . . . attorney be subjected to unfair and unjust charges.
 Rule 5.1
 [S]tatements and evidence during an investigation shall be obtained in the most expeditious and efficient manner possible . . .
 Rule 10.6
 The purpose of sections 10.1 through 10.5 is to provide a prompt, speedy, knowledgeable, and just disposition of any disciplinary matter.
 Rule 8.1
 Within ten (10) days following the designation of a Complaint Tribunal, the presiding judge shall establish a tentative schedule for discovery, motion hearings and rulings, trial and adjudication, all of which shall be completed within one hundred and eighty (180) days from the date of the designation of the Tribunal, unless extended by the Court on motion of either party for good cause shown. [Emphasis supplied].
Mississippi Rules of Discipline.
We find that the Tribunal's application of and Respondent's reliance on the Barker factors inapplicable to this case. First, the case sub judice is not a criminal case. The Respondent has a higher duty than does a criminal defendant. He is after all a lawyer, a member of the Bar and a person responsible to his clients, the Courts and Bar and finally responsible to the public at large. It is unseemly for a member of the Bar to assert and argue a criminal defense in a hearing concerning a professional misconduct charge.
The professional Respondent has a responsibility equal to that of the Bar's to insure that misconduct charges are promptly resolved. This Court cannot permit inefficiency within the court system or intentional delay to protect an officer of the courts from discipline for professional misconduct. The profession, the courts and the public deserve better than that.
In addition, this Court has held that the Rules of Discipline are directory rather than jurisdictional. See Myers v.Mississippi State Bar, 480 So.2d 1080, 1090 (Miss. 1985), cert. denied, 479 U.S. 813, 107 S.Ct. 64, 93 L.Ed.2d 23 (1986);Fougerousse v. Mississippi State Bar Association,563 So.2d 1363 (Miss. 1990).
Although Rule 8.1 requires that all disciplinary proceedings be completed within 180 days following the Complaint Tribunal's designation, Rule 26 further states that "failure to observe directory time interval may result in contempt of the agency having jurisdiction but will not justify abatement of any disciplinary investigation or proceeding."
Throughout the duration of these lengthy proceedings, Respondent has continued to practice law. There has been no *Page 375 
showing that his business has suffered. Prejudice cannot be inferred merely from the passage of time. Committee onProfessional Ethics and Conduct of the Iowa State Bar Associationv. Wunschel, 461 N.W.2d 840, 846 (Iowa 1990). Ministerial delays will not ordinarily warrant judicial abstention from dealing with the important issues raised by allegations of attorney misconduct. Statewide Grievance Committee v. Rozbicki,211 Conn. 232, 558 A.2d 986, 989 (1989). We can recognize that a respondent usually is not adverse to delaying disciplinary proceedings but we will not let delay defeat professional review of a bar member's conduct. In order to bar disciplinary proceedings due to delay, the respondent must demonstrate substantial prejudice in his ability to present a defense. In reEttinger, 128 Ill.2d 351, 131 Ill.Dec. 596, 603,538 N.E.2d 1152, 1159 (1989).
Since bar disciplinary proceedings are not criminal in nature, the Tribunal erred in applying the Barker factors. Even if this Court were to find Barker applicable, and we do not, the most important factor under Barker is that of prejudice to the accused attorney, and prejudice was not shown. The Respondent has previously been publicly reprimanded on a similar charge. It is apparent that he failed to learn from his mistake or to improve his conduct. Therefore the case is reversed and another disciplinary proceeding should be scheduled to hear and consider the charges on the merits.
REVERSED AND REMANDED.
HAWKINS, C.J., PRATHER, P.J., and SULLIVAN, BANKS, and SMITH, JJ., concur.
DAN M. LEE, P.J., dissents with separate written opinion joined by McRAE and JAMES L. ROBERTS, Jr., JJ.
McRAE, J., dissents with separate written opinion joined by DAN M. LEE, P.J.