DAN M. LEE, Presiding Justice,
dissenting:
I agree with the majority opinion except for those portions that effectively deny attorneys in this State any right to a speedy resolution of disciplinary proceedings.
As I stated in my earlier dissent in The Mississippi Bar v. An Attorney, 636 So.2d 371 (Miss.1994), I do not believe that a criminally accused’s right to speedy trial as announced in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), extends to bar disciplinary proceedings. But I cannot agree that attorneys facing serious penalties have no constitutionally protected interest in an expeditious resolution. Due process and fundamental fairness require that an attorney not be called upon in 1991 to defend against a complaint filed in 1982, where no good reason is shown for the Bar’s delay. To quote from my earlier dissent on the subject of speedy resolution of disciplinary proceedings:
That due process must be afforded to attorneys in disciplinary proceedings is beyond peradventure. See Netterville v. Mississippi State Bar, 397 So.2d 878 (Miss.1981). As this Court has recently stated:
We have repeatedly held that attorneys who are accused in bar disciplinary proceedings have the right to due process of law, Attorney K v. Mississippi State Bar Association, 491 So.2d 220, 222 (Miss.1986); Myers v. Mississippi State Bar, 480 So.2d 1080, 1087 (Miss.1985) Netterville v. Mississippi State Bar, 397 So.2d 878, 883-84 (Miss.1981), although it is not at all clear that attorneys would be without this right if disciplinary pro *1162 ceedings were regarded as wholly civil in nature.
Mississippi State Bar v. Young, 509 So.2d 210, 212 (Miss.1987).
[[Image here]]
Rule 8.1 of the Mississippi Rules of Discipline clearly provides that proceedings “shall be completed within 180 days from the date of the designation of the tribunal, unless extended by the court on motion of either party for good cause shown.”
Rule 26 provides, in pertinent part:
References to time within these rules and procedural sections are directory and not jurisdictional. Time limitations are administrative, not jurisdictional; however, the time for filing appeals or seeking reinstatement shall be jurisdictional. Failure to observe directory time interval may result in contempt of the agency having jurisdiction but will not justify abatement of any disciplinary investigation or proceeding.
In my estimation, the remedy provided by Rule 26 is woefully insufficient as a safeguard for the due process right to a speedy resolution of disciplinary proceedings.
I would interpret Rule 8.1 as a[n absolute] requirement and hold that violations without a finding of good cause require dismissal of the complaint.
The Mississippi Bar v. An Attorney, 636 So.2d 371 (Miss.1994) (Lee, P.J., dissenting).
No good can come from this Court allowing the State Bar to sit on a complaint against an attorney for almost nine years. Accused attorneys are entitled to faster resolution and members of the public deserve more timely protection. Regrettably, the only way to create an effective incentive for the Bar to act seasonably is to reverse sanctions imposed after an unreasonable delay. Furthermore, Rule 8.1 establishes a generous time frame for handling bar matters (which was also exceeded in this case), and I think this Court should enforce it. Accordingly, I would also reverse the public reprimand and dismiss the Bar’s complaint with prejudice.
McRAE, J., joins this opinion.
McRAE, Justice, dissenting:
I concur with Presiding Justice Lee’s dissenting opinion that the basic tenets of due process and fundamental fairness command that a lawyer should not be required to defend himself in 1991 against a complaint filed against him in 1982 where no good cause has been shown for the Mississippi Bar’s delay. The majority faults Barrett for engaging in unnecessary gamesmanship. However, if any gamesmanship has colored this case, it is the Bar’s failure to timely prosecute the complaint against Barrett pursuant to Rule 8.1 of the Rules of Discipline of the Mississippi State Bar. Further, I disagree with the majority opinion for the same reasons I presented in my dissent in The Mississippi Bar v. An Attorney, 636 So.2d 371 (Miss.1994).
The majority concedes that disciplinary proceedings are quasi-criminal in nature but holds that Mississippi’s case law does not require that the same balancing test used in criminal proceedings be employed in disciplinary proceedings. Specifically, the majority states, “[I]t does not follow that the same rules governing criminal cases govern quasi-criminal actions.” The majority does “recognize” Rule 8.1 of the Rules of Discipline for the Mississippi Bar, which provides:
Within ten (10) days following the designation of a Complaint Tribunal, the presiding judge shall establish a tentative schedule for discovery, motion hearings and rulings, trial and adjudication, all of which shall be completed within one hundred and eighty (180) days from the date of the designation of the Tribunal, unless extended by the Court on motion of either party for good cause shown, (emphasis added).
Specifically quoting from my earlier dissent concerning Rule 8.1:
The word “shall” obviously has no further meaning than “will” or “may.” ... The majority denies an attorney the right to argue a technical defense, i.e. the rules regarding a speedy disposition of a matter before the Complaint Tribunal, but the *1163 Bar, however, is permitted to use technical devices such as default judgments when an attorney fails to timely file a response.
636 So.2d at 376.
The majority merely winks at the Rule and blindly states that the question that must be answered is “whether good cause was shown for extending the 180-delay period.” The burden of proof rests with the Mississippi Bar in showing that there was good cause for the close to nine year delay. The majority skirts around this real issue and it never addresses the question of which party has the burden of proof in such a case. It further argues that Barrett’s authority, Nations v. State, 481 So.2d 760, 761 (Miss.1985), which holds that the prosecution bears the burden of proving good cause when the record is silent, is distinguishable from the case at hand because it involved a criminal charge. In very general terms and without holding who has the burden of proof, the majority distinguishes Nations, stating that “[t]his is a disciplinary proceeding, and although it is quasi-criminal, it is not governed by [the] same rules that are utilized in criminal proceedings.” Query: What rules govern disciplinary proceedings? Why employ rules from civil proceedings rather than criminal proceedings when it is our law that disciplinary proceedings are more closely related to criminal charges and defined as quasi-criminal? It matters not, however, whether we categorize the bar proceedings as criminal, quasi-criminal or civil, because it is the Rules of Discipline which must be applied.
Miss.Sup.Ct.R. 15(a) provides for a party in a civil case to apply to this Court for a writ of mandamus when the trial judge fails to render a judgment within six months of the date the motion or request was put before him. See Cooper v. State Farm and Casualty Co., 568 So.2d 687, 694 (Miss.1990) (discussing pre-1989 Rule 47, applicable only to cases, not motions). Whether we perceive disciplinary proceedings to be civil or quasi-criminal in nature, the Bar should have asked this Court to require the tribunal to act or in the alternative, with good reason, to seek more time. We require attorneys to follow our rules. We give the Bar the responsibility to comply with the rules. Regardless of whether the Bar does comply, it tolerates no less from member attorneys. The Bar, therefore, was required to ask for time to delay the proceedings against Barrett. Like any other attorney, it should have been complied.
It is irrational to hold that Barrett himself must show that the Mississippi Bar did not have good reason to request a delay. Who else is in a better position tó show good cause but the Bar itself? There is no dispute that in a disciplinary proceeding, the Bar is the moving party and Barrett is the responding party. When an attorney brings any type of motion before either chancery or circuit court, that attorney bears the burden of showing why it should be granted. There simply can be no distinction between the two scenarios. Because the Bar did not show any good cause for the extended period of time, Barrett should not have to defend himself in an action that is nearly nine years old.
In any event, a statute of limitations should apply at some point regardless of whether this Court holds that a disciplinary proceeding is governed by criminal rules or civil rules. As I articulated in my dissent in

The Mississippi Bar v. An Attorney:

I can find nothing in the state and federal constitutions, Mississippi case law, Rules of Professional Conduct or Rules of Discipline stating an attorney loses the rights afforded to all when he or she takes the oath to practice law.
636 So.2d at 377.
With the majority’s holding, an attorney, when faced with a disciplinary action, does not have the rights that are granted to all other citizens of this great state. The majority holds that the long delay in pursuing the complaint caused no prejudice. To the contrary, the mere fact that a Bar complaint has been filed torments a lawyer until the matter is resolved. Further, the attorney faces the additional uncertainty of knowing that upon appeal to this Court, where his ease is subject to de novo review, he may be subject to even harsher discipline than that imposed by the bar. Myers v. Mississippi State Bar, 480 So.2d 1080, 1094 (Miss.1985). If the Bar is our chosen prosecutor in disciplinary matters, surely it should be compelled to comply *1164 with the rules that govern our other tribunals. Because the Bar failed to act in a timely fashion from the time the matter was remanded in 1986 until a decision was rendered in 1991, I would dismiss the complaint against Barrett. Accordingly, I dissent.