573 So.2d 727 (1990)
Clinton YARBER
v.
STATE of Mississippi.
No. 89-KA-0673.
Supreme Court of Mississippi.
December 19, 1990.
John Paul Barber, Arlington, Va., for appellant.
Mike C. Moore, Atty. Gen., Billy L. Gore, Asst. Atty. Gen., Jackson, for appellee.
Before ROY NOBLE LEE, C.J., and ROBERTSON and BLASS, JJ.
BLASS, Justice, for the Court:
On January 1, 1989, the defendant, Clinton Yarber, was convicted of the burglary of the Oxford Milling Company in Oxford, Mississippi. Later, he was sentenced to 7 years in the custody of the Mississippi Department of Corrections with 2 years suspended.
The defendant appeals the conviction and claims that: (1) the state violated his statutory right to be brought to trial within 270 days; (2) the state violated his constitutional right to a speedy trial; (3) the trial court committed reversible error by admitting certain exhibits that were not relevant or, in the alternative, if they were relevant, they were misleading and confusing to the jury, and (4) the court committed reversible error by admitting lay opinion testimony that the safe insulation from the stolen safe was visually similar to scrapings taken from the defendant's tire iron.

STATEMENT OF THE FACTS
The following chronology represents the relevant dates at issue in this appeal:

*728
January 1, 1988 Defendant arrested
March 11, 1988 Defendant indicted
April 4, 1988 Defendant arraigned and pleads
 not guilty
June 1, 1988 Case set for trial on 7/21/88
June 17, 1988 Trial judge appoints Mr. Barber
 as defendant's counsel
July 30, 1988 Entry in minute book stating
 that "all cases not otherwise disposed
 of are hereby ordered continued
 to the next regular term
 of court"
August 4, 1988 Case set for trial on October 21,
 1988
November 4, 1988 Entry in minute book stating
 "all cases not otherwise disposed
 of are hereby ordered continued
 to the next regular term of this
 court"
December 6, 1988 Case set for trial on January 10,
 1989
January 17, 1989 Defendant files motion to dismiss
January 30, 1989 Motion to dismiss overruled
January 30-31, 1989 Defendant tried and convicted.

As the chronology indicates, 301 days elapsed between the day of arraignment and the day of the trial.[1] As a result, the defendant moves to dismiss the charges against him based on violations of Miss. Code Ann. § 99-17-1 (Supp. 1990) and his constitutional right to a speedy trial.
To support his motion, the defendant testified that he and his lawyer came to court on July 21, 1988, but they were told that another case was in progress that day. The case was then set for trial in October of the same year. The record is not clear as to why the trial was not held on that day in October.[2] The trial court did, however, accept defense counsel's assertion that he came to the courthouse in October and found that no other trial was being conducted that day.
During the hearing on the motion to dismiss, the court took judicial notice of the fact that no orders of continuance were filed in the case. The court did note, however, that an entry appeared in the minute book at the end of each term stating that, "All cases not otherwise disposed of are hereby ordered continued to the next regular term of court."
After hearing all the evidence, the judge overruled the motion to dismiss, finding that the constitutional right to a speedy trial was not denied and that good cause was shown for the delays so as not to violate the 270 days statutory rule.
The trial commenced later that day and the defendant objected to the introduction of some physical evidence and the lay opinion testimony of a deputy. More specifically, the defendant objected to the introduction of a tire tool, insulation from the safe, and scrapings that a deputy took from the tire tool. After the hearing, the trial court admitted the physical evidence and the opinion testimony that the scrapings were similar to the safe insulation.[3]

ANALYSIS

A. Statutory right to a speedy trial.

Miss. Code Ann. § 99-17-1 (Supp. 1990) provides that:
Unless good cause can be shown, and a continuance duly granted by the court, all offenses for which indictments are presented to the court shall be tried no later than 270 days after the accused has been arraigned.
*729 Because the defendant was not tried within 270 days of his arraignment, the state tries to avoid the effects of the statute in two ways. First, the state attempts to charge the defendant with a 74 day delay because the defendant was without counsel between April 4, 1988, and June 17, 1988.[4] If the defendant is the cause of the delay, he cannot complain thereafter. Reed v. State, 506 So.2d 277 (Miss. 1987); Nations v. State, 481 So.2d 760 (Miss. 1985); Perry v. State, 419 So.2d 194 (Miss. 1982). In this case, however, the defendant's change of attorneys did not cause any delay. The court in Lafayette County has 4 terms: the first Monday in January; the first Monday in April; the second Monday in July; and, the third Monday in October. Each term lasts 12 days. The defendant's case was originally set for trial during the July term. The change of attorneys occurred in April, and the state had no intention of trying the defendant during the April term anyway. Additionally, the state does not allege that the change caused any delay during the July term. Therefore, the 74 day period when the defendant was without an attorney cannot toll the running of the statutory time period.
Next, the state tries to stop the statutory clock from ticking by arguing that good cause was shown and continuances were duly granted. At the hearing on the motion to dismiss, the state argued that the reason for the delay of the original trial date in July was a crowded docket. As proof, the state offered, and the trial court took judicial notice of, the fact that a jury verdict in another case was rendered on July 21.
This Court has not been demanding in its requirements for showing good cause. In Nations, supra, 481 So.2d at 762, this Court said, "generally, a written order to the effect that a motion is well taken and should be granted is the equivalent of a judicial determination that good cause existed for the continuance." Also, this Court has held that docket congestion is "good cause" for delay in certain circumstances. Williamson v. State, 512 So.2d 868 (Miss. 1987); Kinzey v. State, 498 So.2d 814 (Miss. 1986).[5] Regardless though, the state never sought a continuance for this or any other reason as required by Miss. Code Ann. § 99-17-1. Instead, the state relies on the notations routinely made in the minute book at the end of each court term. These are the type of mass continuances that this Court condemned in Vickery v. State, 535 So.2d 1371, 1375-76 (Miss. 1988). This Court refused to allow what it called bland and generic orders to show good cause and toll the 270 day period. Id. at 1375. The Court said, "[t]o allow a trial court to circumvent the statute in this manner and to this extent would be tantamount to abolishing the statute." Id. In line with that decision we hold that under these facts the state violated the defendant's statutory right to a speedy trial. As such the defendant must be discharged.
From the above it is obvious that a detailed discussion of the constitutional speedy trial claim or the alleged evidentiary errors is unnecessary. Suffice it to say that applying the balancing test announced in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972) it appears that this right was also violated.
REVERSED AND APPELLANT DISCHARGED.
*730 ROY NOBLE LEE, C.J., HAWKINS, P.J., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and PITTMAN, JJ., concur.
DAN M. LEE, P.J., not participating.
NOTES
[1] Apparently, the trial was delayed one week because defense counsel was out of the state. Obviously this time could not be charged to the state, so the actual delay was somewhere between 294 and 301 days.
[2] Apparently, the main reason for this delay was the state's failure to have the physical evidence tested in time. The trial judge noted this but found it was immaterial because the defendant failed to request a speedy trial in October. He also stated that the inability to have the evidence tested in time was a sufficient reason for delay. No continuance for this purpose appears in the record other than the blanket statement in the minute book dated November 4, 1988.
[3] The state was unable to have this physical evidence scientifically tested because the equipment used for these tests was broken and couldn't be fixed until the legislature appropriated $20,000.
[4] Before this time the public defender's office represented the defendant. The reason for the change in representation is not clear from the record.
[5] Other states hold that docket congestion is not good cause for delay. See State v. Hoffman, 409 N.W.2d 373, 375 (S.D. 1987) and cases therein. See also Kinzey v. State, 498 So.2d 814, 819 (Miss. 1986) (Robertson, J., dissenting).