608 So.2d 1129 (1992)
Tom McGEE, Jr.
v.
STATE of Mississippi.
No. 90-KA-878.
Supreme Court of Mississippi.
April 22, 1992.
As Modified on Denial of Rehearing December 10, 1992.
*1130 Jessie L. Evans, Blackmon Blackmon & Evans, Canton, for appellant.
Michael C. Moore, Atty. Gen., John R. Henry, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
Before HAWKINS, P.J., and PRATHER and McRAE, JJ.
McRAE, Justice, for the Court:
This is an appeal from the Circuit Court of Holmes County before which appellant Tom McGee, Jr. ("McGee") was convicted on August 17, 1990, for the sale of cocaine. McGee was sentenced to serve a term of thirty (30) years in the custody of the Mississippi Department of Corrections and to pay a fine of $25,000. We reverse and remand for further findings regarding the appellant's speedy trial claims. We also reverse on grounds that the lower court erred in failing to grant the appellant's jury instruction concerning the discrediting or impeachment of a witness. The case is remanded for a new trial unless it is determined that McGee is entitled to dismissal and discharge on speedy trial grounds.
McGee was indicted on October 19, 1988. On October 21, 1988, the court continued the case until the April, 1989 Term. The court did not express the grounds for continuance, stating merely that "good and sufficient cause" existed. On April 21, 1989, the court entered a second continuance upon motion by defendant, postponing the trial until June 6, 1989. In his motion for continuance, McGee stated that defense counsel had other trials and hearings pending and would not have sufficient time to prepare. The trial was not held in June of 1989 and the record reflects no motion or order for continuance. However, on January 12, 1990, the State moved for another continuance, and the court shelved the case until the next term. The record is silent from January 12, 1990 until August 16, 1990, the date upon which McGee moved for dismissal on grounds that he had been denied a speedy trial. The motion was denied. Without being specific, the court stated four conclusionary reasons for denying McGee's motion to dismiss: (1) the "greatly increased" number of drug cases coming before the court; (2) the inability of the court to promptly dispose of the large number of cases arising during each term of court; (3) the "severely restricted" availability of drug analysts; and (4) the chronic delay in obtaining drug analyses from the Mississippi State Crime Lab. The court *1131 accordingly found that "it was not physically and humanly possible for the cases to be brought forward and tried within the two hundred and seventy days and that it is through no fault nor neglect of the State's attorney that this case has been delayed, therefore, the motion will be denied." The court postponed the trial until the following day. Following McGee's trial and conviction, the court denied McGee's motion for judgment notwithstanding the verdict or, in the alternative, for a new trial.
On appeal, McGee assigns several issues for our review. Of these, we are primarily concerned with whether the proceedings below abridged the defendant's right to a speedy trial and with the trial court's refusal to grant McGee's proposed jury instruction concerning the credibility of impeached witnesses. The other assignments of error are without merit.

FACTS
Sometime after seven o'clock p.m. on August 24, 1987, Donna Conner, an undercover narcotics agent, and a confidential informant who knew McGee, followed McGee's automobile to a nightclub. Conner and the informant approached McGee while he was still seated in his vehicle, and the informant introduced Conner as a friend who wanted to buy cocaine. McGee produced a purple Crown Royale bag from which he extracted a quarter-gram packet of cocaine. He admittedly sold the packet to Conner for twenty-five dollars.
McGee's sole defense at trial was entrapment; i.e., that he was not predisposed to make the sale. According to McGee's testimony, he had only one packet at the time of the sale and he possessed that packet for his personal use, not for the purpose of sale. To prove predisposition to sell, the State introduced Conner's testimony that the Crown-Royale bag contained at least "two or three" additional packets. Conner further stated: "I could see other packets in his hand as he was taking his hand out of the bag to give me only one packet." However, as counsel for defense brought out on cross-examination, Conner did not state in her crime report that the bag contained more than one packet of cocaine, nor did she mention the fact when the officers and agents involved in the operation conferred after the sale. Further, in response to a query concerning whether Conner had mentioned the presence of additional packets, Narcotics Agent Dean Gibbs (who provided surveillance for the operation) stated: "All I remember she [sic] saying [was] that she couldn't see because it was down inside and he reached down between his legs." On the other hand, Agent Shirlene Anderson, who drove Conner to and from the scene, testified that Conner mentioned the presence of other drugs while the two were returning home after concluding the operation.

LAW

I. WHETHER APPELLANT'S MOTION TO DISMISS FOR LACK OF A SPEEDY TRIAL SHOULD HAVE BEEN GRANTED?

A. Statutory Right to Speedy Trial

McGee argues that his trial and conviction violate Miss. Code Ann. § 99-17-1 (Supp. 1991) which requires that a defendant be brought to trial within 270 days of arraignment unless good cause is shown. Excluding the time consumed by continuances granted upon motion by the defendant,[1] McGee was tried some 669 days after his arrest and arraignment.[2] The relevant events and the times at which they occurred are set out below:

*1132
 DELAY
 FOLLOWING
 EVENT
 DATE EVENT (IN DAYS)
---------------------------------------------------------------------------
10-18-88 Arraignment 3
10-21-88 Court ordered continuance until April, 1989 term "for 174
 good and sufficient cause"
4-12-89 Defendant moved for continuance; case continued until 65[*]
 June 16, 1989
6-16-89 No trial occurred; record reflects no motion or order for 209
 continuance
1-11-90 State moved for continuance; case continued until April 82
 term, 1990 (to begin on April 3)
4-3-90 No trial occurred; record reflects no motion or order 135
 for continuance
8-16-90 Defense moves that case be continued until defendant 1[*]
 has had opportunity to hear tape recording in State's
 possession; case continued until following day
8-17-90 Trial ____
 ________
 TOTAL 669
 [*]Less delay attributable to defendant - 66
 ________
 DELAY FOR WHICH STATE MUST SHOW GOOD CAUSE
 PURSUANT TO § 99-17-1 603

At issue are the three delays for which the record reflects no contemporaneous expression of cause (October 21, 1988 to April 12, 1989; June 16, 1989 to January 11, 1990; and April 3, 1990 to August 16, 1990). These three delays, totaling 518 days, are the ones McGee emphasized in his August 16, 1990 motion to dismiss.[3]
Neither the trial court nor the parties recorded explanations for the delays at issue. The October 21, 1988 Order of Continuance merely states that "[f]or good and sufficient cause the Court is one [sic] of the opinion that the above stated case should be continued until the next term of court." Such a "bland and generic" recitation of "good cause" does not suffice to satisfy the requirements of § 99-17-1. Yarber v. State, 573 So.2d 727, 729 (Miss. 1990); Vickery v. State, 535 So.2d 1371, 1375 (Miss. 1988). The record does not even reflect continuances for the delays beginning June 16, 1989 and January 11, 1990.
At the August 16, 1990, hearing on McGee's motion to dismiss, however, the trial court found as follows:
The motion will be denied for these reasons:
One, in the past five years the number of indictments and cases coming before this Court for disposal have greatly increased, most of them  most of the increase being in dealing directly with drug offenses. For example, the Court remembers one term, I believe it was last year, where out of sixty indictments, thirty-nine of them were for illicit drug dealings.
Two, there simply does not exist enough days during term of this Court to deal with the large number of cases that this Court must dispose of in the allotted time.

*1133 Three, the availability of drug analysts to testify is severely restricted and there appears in this case at least one continuance for this very reason.
Next, number four, there is a growing problem with getting the results of drug analyses of the Mississippi State Crime Lab because of the overload of cases that they have to handle, and sometimes as long as a year elapses before the analysis is ready.
The Court, therefore, finds that it was not physically and humanly possible for the cases to be brought forward and tried within the two hundred and seventy days and that it is through no fault nor neglect of the State's attorney that this case has been delayed; therefore, the motion will be denied.
The trial court's conclusions, while perhaps valid from an administrative standpoint, are general and contain no specific findings regarding the instant case per se. Given that the Holmes County Circuit Court system and the State Crime Lab are overwhelmed with drug cases, the State nevertheless bears the burden of positively demonstrating that the backlog actually caused the delay in this particular case. See Williamson v. State, 512 So.2d 868, 877 (Miss. 1987) (state bears burden of persuasion); Nations v. State, 481 So.2d 760 (Miss. 1985) (same). If the State can so demonstrate, then the trial court's denial of McGee's motion to dismiss may be proper since docket congestion can constitute "good cause" for delay. See Williamson v. State, 512 So.2d 868, 876-77 (Miss. 1987) (under extant facts, congestion of dockets constituted "good cause" for delay); see also Adams v. State, 583 So.2d 165, 167 (Miss. 1991) (congested docket may give rise to good cause for continuance); Yarber v. State, 573 So.2d 727, 729 (Miss. 1990) (same); Kinzey v. State, 498 So.2d 814, 816-17 (Miss. 1986) (same); Bailey v. State, 463 So.2d 1059, 1063 (Miss. 1985) (same); State v. Sistruck, 404 So.2d 564, 565 (Miss. 1981) (same). Otherwise, the ruling must fall for lack of evidence to support it. On remand, the trial court is directed to consider whether the specific facts of the instant case give rise to good cause for delay. The court should make specific findings as opposed to stating general conclusions.
McGee argues that even if crowded dockets did in fact delay his trial, the trial court erred in denying his motion to dismiss since the reasons for delay were not made part of the record at the time when the delays occurred. After-the-fact justifications, according to McGee, will not suffice. In his brief, McGee contends:
Good cause is determined at the time the case is continued and not at the time of trial as was done in the instant case. If the lower court thought that its calendar was overcrowded, that the Mississippi Bureau of Narcotics was understaffed and overworked, it could have easily indicated these facts or reasons in its orders. However there are at least two terms of court where no orders of continuance were even entered.
McGee relies upon Vickery v. State, 535 So.2d 1371 (Miss. 1988) which states: "[W]here the record is silent regarding the reason for delay, as the record is silent here, the clock ticks against the State because the State bears the risk of non-persuasion on the good cause issue." Id. at 1375. As the State correctly points out, however, Vickery is distinguishable in that the lower court there never made an explicit finding or expression of good cause. Vickery neither states nor implies that expressions of cause must occur contemporaneously with the delay. Thus, Vickery does not support McGee's argument that post-delay expressions of cause are insufficient. Furthermore, in Barnes v. State, 577 So.2d 840 (Miss. 1991), this Court recently directed a trial court on remand to determine whether good cause existed for a delay exceeding 270 days. See id. at 844. The Court explained: "We cannot on the present record make this determination [as to whether good cause existed], but instead remand to the circuit court for that purpose." Id. Implicit in the Court's ruling is the assumption that post-delay determinations of cause are permissible. See also Williamson v. State, 512 So.2d 868, 877 (Miss. 1987) (Court accepted state's after-the-fact explanation that delay resulted from congested dockets). Although the State must at some point demonstrate the *1134 existence of good cause for delay, the law does not require the State, at the time of delay, to "speak now or forever hold your peace."

B. Constitutional Right to Speedy Trial

In addition to his statutory claim, McGee also cites the speedy trial guarantees found in the United States and Mississippi constitutions as grounds for dismissal. For purposes of evaluating constitution-based speedy trial claims, this Court has adopted the four-part analysis set out by the United States Supreme Court in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). See Craig v. State, 284 So.2d 57, 58 (Miss. 1973) (first published Mississippi case to adopt Barker analysis). Under Barker, the Court weighs the following factors in determining whether a delay offends constitutional speedy trial guarantees: (1) the length of delay; (2) the reason for delay; (3) whether the defendant asserted his right to a speedy trial; and (4) whether the defendant has been prejudiced by the delay. Barker, 407 U.S. at 530-33, 92 S.Ct. at 2191-93.
Regarding the second factor, "reason for delay," the State again points to the lower court's observations concerning docket congestion and the difficulty in obtaining analysts and reports from the State Crime Lab. As we stated in connection with McGee's 270-Day-Rule argument, however, the present record does not clearly establish that these factors caused the delay in this particular case. Consequently, we are not in a position to evaluate McGee's constitutional speedy trial claim. On remand, the trial court is directed to consider whether "good cause" for delay existed for purposes of the Barker analysis as well as for the 270 Day Rule.

II. WHETHER THE COURT ERRED IN FAILING TO GRANT DEFENDANT'S INSTRUCTION CONCERNING THE CREDIBILITY OF IMPEACHED WITNESSES?
When cross-examining the State's witnesses, McGee emphasized (1) Conner's failure to mention multiple packets in her report or at the post-sale meeting, and (2) Gibb's testimony concerning what Conner had said about her inability to see what McGee was doing when he reached down to get the cocaine. McGee characterizes these alleged prior statements as inconsistent with Conner's assertion on the witness stand that McGee had at least two or three additional packets of cocaine in his possession at the time of the sale. Accordingly, he offered the following jury instruction:
The testimony of a witness or witnesses may be discredited or impeached by showing that on a prior occasion they have made a statement which is consistent [sic] with or contradictory to their testimony in this case. In order to have this effect, the inconsistent or contradictory prior statement must involve a matter which is material to the issues in this case.
[T]he prior statement of the witness or witnesses can be considered by you only for the purpose of determining the weight or believability that you give to the testimony of the witness or witnesses that made them. You may not consider the prior statement as proving the guilt or innocence of the defendant.
In refusing the proposed instruction, the trial court found that no inconsistency or contradiction existed. See Murphy v. State, 566 So.2d 1201, 1206 (Miss. 1990) (trial court may refuse instruction which is without foundation in evidence); Lancaster v. State, 472 So.2d 363, 365 (Miss. 1985) (evidentiary basis for instruction must exist).
In Hill v. Dunaway, 487 So.2d 807 (Miss. 1986), this Court held:
The refusal of a timely requested and correctly phrased jury instruction on a genuine issue of material fact is proper, only if the trial court  and this Court on appeal  can say, taking the evidence in the light most favorable to the party requesting the instruction, and considering all reasonable favorable inferences which may be drawn from the evidence in favor of the requesting party, that no hypothetical, reasonable jury could find the facts in accordance with the theory of the requested instruction.
Id. at 809.
In this case, Conner testified: "I could see other packets in his hand as he was *1135 taking his hand out of the bag." Gibbs testified concerning Conner: "All I remember she saying [was] that she couldn't see because it was down inside and he reached down between his legs." Taking these statements in the light most favorable to McGee, and considering all reasonable inferences which may be drawn from them in favor of McGee, it is inescapable that a hypothetical reasonable juror could find the facts in accordance with the theory of McGee's requested instruction; i.e., that a juror could find Gibbs' testimony contradictory to and inconsistent with Conner's testimony. While McGee's instruction D-5 could undoubtedly have been drawn to fit the facts more closely, no one could realistically contend that the principle it sets out has no bearing on the case. An evidentiary basis for the instruction clearly exists. Consequently, we hold that the trial court erred in refusing the instruction.

CONCLUSION
The trial court erred in failing to grant defendant's proposed instruction D-5 concerning evidence of prior inconsistent statements by witnesses. Accordingly, we reverse. On remand, the trial court is directed to determine whether the specific facts of the instant case justify the finding that good cause existed for the delay in bringing McGee to trial. If not, then the court should dismiss the case pursuant to Miss. Code Ann. § 99-17-1 and discharge the defendant. If good cause existed, then the court should apply the Barker analysis. Should it be determined that McGee's statutory and constitutional rights to a speedy trial have not been violated, then the court is directed to proceed with a new trial consistent with this opinion.
REVERSED AND REMANDED FOR NEW TRIAL CONSISTENT WITH THIS OPINION.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, and BANKS, JJ., concur.
PITTMAN, J., not participating.
NOTES
[1] Delays which result from continuances granted upon motion by the defendant toll the running of the 270 day period. Corley v. State, 584 So.2d 769, 771 (Miss. 1991); Flores v. State, 574 So.2d 1314, 1319 (Miss. 1990).
[2] The record does not clearly indicate whether and when McGee was arraigned. However, defense counsel referred to an October 18, 1988, arraignment date in the course of arguing defendant's motion to dismiss and the State accepts that date for the purposes of this appeal.
[3] The delay from October 21, 1988 to April 12, 1988 resulted from an Order of Continuance in which the trial court stated: "For good and sufficient cause the Court is one of the opinion that the above stated case should be continued until the next term of court." However, this Court ruled in Vickery v. State, 535 So.2d 1371 (Miss. 1988), that "bland and generic" recitations that "good cause" exists will not satisfy the requirements of § 99-17-1. Id. at 1375; see also Yarber v. State, 573 So.2d 727, 729 (Miss. 1990) (affirming Vickery).