# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2021-KA-00664-SCT

**ALPHONSO WARD a/k/a ALFONSO WARD a/k/a
ALFONZO WARD**

**v.**

**STATE OF MISSISSIPPI**


| | |
|---|---|
| DATE OF JUDGMENT: | 05/13/2021 |
| TRIAL JUDGE: | HON. LINDA F. COLEMAN |
| TRIAL COURT ATTORNEYS: | ALISON LESLIE FLINT |
| | JAMIE MARIE BANKS |
| | CHRIS POWELL |
| COURT FROM WHICH APPEALED: | BOLIVAR COUNTY CIRCUIT COURT, |
| | SECOND JUDICIAL DISTRICT |
| ATTORNEYS FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER |
| | BY: GEORGE T. HOLMES |
| | MOLLIE MARIE McMILLIN |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: ASHLEY LAUREN SULSER |
| DISTRICT ATTORNEY: | BRENDA FAY MITCHELL |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | REVERSED AND REMANDED - 09/01/2022 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**RANDOLPH, CHIEF JUSTICE, FOR THE COURT:**

¶1. Alphonso Ward was charged in a multi-offense indictment for automobile burglary and as an habitual offender. *See* Miss. Code Ann. § 97-17-33(1) (Rev. 2020); Miss. Code Ann. § 99-19-81 (Rev. 2020). Following a jury trial, Ward was convicted in Bolivar County Circuit Court of automobile burglary. At Ward's sentencing hearing, the State offered

evidence attempting to prove Ward's habitual offender status, but the documents offered are not in the record. Ward was convicted and sentenced as an habitual offender. On appeal, Ward alleges two errors: (1) that the evidence was insufficient to support the trial court's finding that Ward was an habitual offender and (2) that the trial court erred when it denied Ward's motion to dismiss for a violation of his right to a speedy trial. Our review of this case requires Ward's sentence to be reversed. This case is remanded to the circuit court for a **Barker**[1] analysis and resentencing of Ward if he fails to establish that a speedy trial violation occurred.

## FACTUAL AND PROCEDURAL HISTORY

¶2. Early on Christmas morning 2017, Officer Leguster Watkins was on duty with the Mound Bayou Police Department. While stopped at a four-way stop, Watkins noticed a brake light come on in a car that was parked at the Delta Burial Funeral Home. Watkins approached the car under the cover of darkness and discovered a man in the car. As the man ran away on foot, Watkins recognized him as Alphonso Ward. Watkins did not apprehend Ward that evening. Ward was arrested on December 28, 2017, for burglarizing an automobile. He was released upon posting bail. Unfortunately, that arrest did not quell Ward's impulse to commit additional burglaries. He was arrested again for two December 31, 2017 burglaries: a church and another automobile.

¶3. Ward was indicted on March 29, 2018. An attachment to his indictment revealed

---

[1]**Barker v. Wingo**, 407 U.S. 514, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972).

seven prior crimes, all committed in Bolivar County. On June 15, 2018, Ward was tried for the New Year's Eve crimes of church and automobile burglary. ***Ward v. State***, 297 So. 3d 286 (Miss. Ct. App. 2020). As to the instant automobile burglary case, Ward waived arraignment on April 3, 2018. He demanded a speedy trial on April 4, 2018. His trial was originally set for June 15, 2018, the same day on which he was tried for the New Year's Eve crimes. In those cases, he was convicted and sentenced as an habitual offender. ***Id.*** He was sentenced to fourteen years for church burglary and seven years for that automobile burglary, to run concurrently. ***Id.*** In the case *sub judice*, he was not tried until May 13, 2021.

¶4.     At a pretrial hearing, Ward's motion to dismiss for violating his right to a speedy trial was considered and rejected by the trial judge. The judge attributed the delay to the COVID-19 pandemic and other trials, including Ward's.

¶5.     At trial, the jury heard from Officer Watkins and Mary Riddle, the owner of the automobile. Ward did not testify. After deliberation, the jury returned a guilty verdict. At his sentencing hearing, the circuit judge was presented with two prior convictions. These prior convictions did not match the convictions attached to the indictment. After reviewing the certified copies, the trial judge sentenced Ward as an habitual offender to seven years in the custody of the Mississippi Department of Corrections.

**DISCUSSION**

**I.     The trial court erred by not conducting a proper analysis of the *Barker* factors when it denied Ward's motion to dismiss for lack of a speedy trial.**

3

¶6.    "[A] delay of eight months or longer is presumptively prejudicial." *Johnson v. State*, 68 So. 3d 1239, 1242 (Miss. 2011) (citing *Smith v. State*, 550 So. 2d 406, 408 (Miss. 1989)). "A 'presumptively prejudicial delay' acts as a triggering mechanism" for conducting a *Barker* analysis. *Id.* (quoting *Doggett v. United States*, 505 U.S. 647, 652, 112 S. Ct. 2686, 2691, 120 L. Ed. 2d 520 (1992)). The 1158 day delay in this case is presumptively prejudicial.

¶7.    Our standard of review for speedy trial challenges is well established:

> Review of a speedy trial claim encompasses a fact question of whether the trial delay rose from good cause. Under this Court's standard of review, this Court will uphold a decision based on substantial, credible evidence. *Folk v. State*, 576 So. 2d 1243, 1247 (Miss. 1991). If no probative evidence supports the trial court's finding of good cause, this Court will ordinarily reverse. [*Id.*]

*DeLoach v. State*, 722 So. 2d 512, 516 (Miss. 1998).

¶8.    On occasion, when the parties have had the benefit of a hearing on the issue, and the trial court's analysis of the *Barker* factors is lacking, this Court will perform a de novo review of the defendant's speedy trial claim. *DeLoach*, 722 So. 2d at 517. When the record lacks sufficient evidence to conduct a de novo review, the proper course is to remand to the circuit court to conduct a *Barker* analysis. *Myers v. State*, 145 So. 3d 1143, 1151 (Miss. 2014); *McGee v. State*, 608 So. 2d 1129, 1134 (Miss. 1992) (reversing and remanding to the trial court when the record did not clearly establish the actual reasons for the delays).

¶9.    The State argues the reasons for the delay are within the record. The trial court heard Ward's motion to dismiss for lack of a speedy trial. The trial court denied the motion because

4

Ward had been tried on the other two burglary charges from indictments issued by the same grand jury. The court further found that the COVID-19 pandemic factored into the delay. Certainly, those factors account for portions of the delay between the indictment and trial. Ward was convicted on the other two charges on June 15, 2018, but by date that would be more than 500 days before the virulent COVID-19 pandemic afflicted the courts of our state and nation. *See Ward*, 297 So. 3d at 286; Emergency Admin. Order, No. 2021-AD-00001-SCT (Miss. Mar. 13, 2020) (stating "the trial courts are hereby authorized to exercise their sound discretion in extending deadlines, rescheduling hearings and trials by case specific actions or general orders"). Additionally, the Eleventh Circuit Court District only convenes twice annually for six week periods starting the first Monday of May and the first Monday of November. Miss. Code Ann. § 9-7-3 (Rev. 2019); Miss. Sec'y of State, *2021 Miss. Judiciary Directory* 37. The first continuance was proper, given Ward was tried for two other burglaries on June 15, 2018, the last day of that term. *Id.*

¶10.    However, the cause for continuances granted in December 2018, June 2019, and December 2019 are not revealed in the docketed orders. We do note that the trial court docket reveals Ward's counsel announced his retirement on March 17, 2020, four days after the first COVID-19 emergency order.

¶11.    Numerous emergency administrative orders were issued during the COVID-19 pandemic by this Court, recognizing the hardships caused by the COVID-19 pandemic. At all times during the pandemic, our courts remained open and accessible. *See* Miss. Const. art.

3, §§ 24-25. However, individual judges were allowed discretion to postpone jury trials during the pandemic. While delays caused by the COVID-19 pandemic are neutral, unrelated delays occurring during the pandemic may not be neutral and should be considered by the trial court in its analysis.

¶12.    In *McGee*, the defendant argued that his statutory and constitutional rights to a speedy trial were violated. *McGee*, 608 So. 2d at 1131. Neither the trial court nor the parties recorded explanations for the delays at issue. *Id.* at 1132.  The trial court denied McGee's speedy trial motion *inter alia*, because of the backlog of drug cases on the docket. *Id.* The trial court's holding was general and contained no specific findings justifying the delays in the case.  *Id.* at 1133. Ultimately, this Court remanded the case to the trial court for a proper *Barker* hearing. *Id.*

¶13.    As in *McGee*, in the case *sub judice*, the record does not reveal the reasons for the orders of continuances. Thus, under the facts particular to this case, we remand to the circuit court to conduct a *Barker* analysis. As the delay is presumptively prejudicial, the State is required to present record evidence justifying the delay. *Wiley v. State*, 582 So. 2d 1008, 1012 (Miss. 1991).  This Court has held that "without more *specific* evidence explaining the reasons for the delay in [the] trial, we cannot accurately determine the ultimate factual question of whether good cause existed for the delay in this case." *Myers v. State*, 145 So. 3d at 1152 (emphasis added). If the trial court determines that Ward's right to a speedy trial has not been violated, his conviction will stand. However, Ward's sentence poses another

6

problem.

## II.     The trial court erred by sentencing Ward as an habitual offender.

¶14.    "A sentencing hearing on a defendant's habitual-offender status must occur separately from the trial on the principal charge." ***Conner v. State***, 138 So. 3d 143, 151 (Miss. 2014). The State has the burden of proof beyond a reasonable doubt to demonstrate that the defendant is an habitual offender. ***Id.*** The applicable statute is as follows:

> Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one year or more in any state and/or federal penal institution, whether in this state or elsewhere, shall be sentenced to the maximum term of imprisonment prescribed for such felony . . . , and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probations.

Miss. Code. Ann. 99-19-81 (Rev. 2020). "All that is required is that the accused be properly indicted as an habitual offender; that the prosecution prove the prior offenses by competent evidence; and that the defendant be given a reasonable opportunity to challenge the prosecution's proof." ***Keyes v. State***, 549 So. 2d 949, 951 (Miss. 1989) (citations omitted).

¶15.    It is not disputed that Ward was indicted as an habitual offender. Ward had ample opportunity to challenge consideration of his prior convictions. Whether the State proved the prior offenses by competent evidence is disputed. The record shows that failed to occur.

¶16.    This Court finds that the trial court erred by sentencing Ward as an habitual offender without competent proof of his prior offenses. It is clear from the record that the trial court was familiar with Ward's alleged habitual offender status, having viewed the indictment at

7

the beginning of the trial. The trial judge was the same judge who had previously sentenced

Ward as an habitual offender in the other cases referenced in the speedy trial transcript. She

had sentenced Ward on June 15, 2018, in Bolivar County. The trial judge's awareness of

Ward's status as an habitual offender does not excuse the State of its responsibility to submit

competent evidence of a defendant's prior conviction into the record through either exhibits

or sworn testimony. If habitual offender status is to be proved through documentary

evidence, the proper practice is to mark the documents as exhibits and introduce them into

evidence, regardless of the judge's personal familiarity of the defendant's past sentencing

judgments. In this case, the State proposed introduction into evidence of sentencing

documents, but they were never introduced. Such proposal was made after the trial court

adjudicated Ward an habitual offender and sentenced him.[2] According to the trial court

transcript,

> THE COURT: Mr. Ward, would you please stand for sentencing. Mr. Ward, a jury 12 good and lawful citizens have found you guilty of the offense of Burglary of an Automobile. And in the indictment, you were also charged as an habitual offender, under Mississippi Code annotated § 99-19-81, that would require that you serve a maximum penalty for this offense, and that is seven years. Therefore, the Court hereby sentences you to a term of seven years, for this offense, in an institution under the supervision and control of the Mississippi Department of Corrections. The Court is going to remand you to of the Bolivar County Sheriff, to await transport institution under the supervision and control of Mississippi Department of Corrections. And does anything additional?

---

[2] While this error could have been remedied with the introduction of the actual certified copies, the judge actually sentenced Ward before being presented with any evidence of his habitual offender status.

MS. BANKS: Yes, Your Honor.

MR. WARD: Excuse me, Judge.

THE COURT: Ms. Banks.

MS. BANKS: Yes, Your Honor. To support the Court's sentencing, we do have the prior convictions: Cause NO. 2006-054-CR2, the indictment, judgment and commitment; as well as the indictment judgment and commitment, Cause NO. 2006-005-CR2, that we present to be exhibits to this Sentencing Hearing, Your Honor.

THE COURT: OK.

MR. WARD: I object to that, because -- I object because they had no witnesses. MDOC was not here. Also, Jury is supposed to go back in and deliberate, as to whether I should have a harsh or a -- a harsh or a soft sentence. So I object to it, because MDOC ain't here.

MR. POWELL: She heard you.

THE COURT: OK. Your objection is noted. And may I see those documents? Mr. Ward, these documents are certified as true and correct from the Bolivar County Circuit Clerk's Office and that is sufficient.

MR. WARD: I object to everything, because it is incorrect.

THE COURT: Your objection is noted for the record.

Cause No. 2006-005-CR2, one of the two cases mentioned by the state at sentencing is nowhere to be found in the indictment or elsewhere in the record, nor was it referenced in Ward's prior appeal. *Ward*, 297 So. 3d 286. In this case, the judge's sentencing Ward without admitting the prior convictions into evidence constitutes reversible error.

¶17.    In *Grayer v. State*, this Court held that, if the State fails to prove an accused habitual offender's prior convictions by competent evidence, the State does not get "a second chance

9

to prove . . . habitual-offender status on remand, because that would violate the prohibition against double jeopardy under the Mississippi Constitution." *Grayer v. State*, 120 So. 3d 964, 969-70 (Miss. 2013). Thus, assuming no speedy-trial violation is found, we reverse Ward's habitual-offender-based sentence and remand for resentencing for the substantive crime only.

## CONCLUSION

¶18.    We remand this case to the trial court to determine whether the specific facts of the instant case justify the finding that good cause existed for the delay in bringing Ward to trial. If good cause existed, then the Court should apply the proper *Barker* analysis. Should it be determined that Ward's right to a speedy trial has not been violated, then his conviction stands. However, Ward should be resentenced on the substantive crime only, consistent with this opinion.

¶19.    **REVERSED AND REMANDED.**

**KITCHENS AND KING, P.JJ., COLEMAN, BEAM, CHAMBERLIN AND ISHEE, JJ., CONCUR.  MAXWELL, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION JOINED BY GRIFFIS, J.**

**MAXWELL, JUSTICE, CONCURRING IN PART AND DISSENTING IN PART:**

¶20.    Alphonso Ward is a well-documented habitual offender.  In fact, he has been previously sentenced as a habitual offender by this same exact judge for a different felony offense.  And that other habitual-offender sentence was based on the same exact predicate felonies.  *Ward v. State*, 297 So. 3d 286, 291-92 (Miss. Ct. App. 2020).  Still, the majority

10

says Ward's most recent habitual-offender sentence must be thrown out because the trial court did not admit the copies of Ward's prior convictions.

¶21. I disagree with the majority's stance. It is crystal clear from the sentencing hearing transcript that the State *did* present certified copies of two of Ward's prior felony convictions as exhibits. While the certified copies were not made part of the record, "[i]t is manifest from the trial court's statements on the record that the trial court actually reviewed the pen packs at the sentencing hearing." ***Conner v. State***, 138 So. 3d 143, 152 (Miss. 2014).

¶22. The only thing that is perhaps not clear is to which of Ward's three previous 2006 felony convictions the State was referring when the prosecutor noted on the record that, in addition to Ward's prior conviction in Cause Number 2006-054-CR2, the State had also presented the indictment, judgment, and commitment in "Cause NO. 2006-***005***-CR2." (Emphasis added.) This incorrect citation is obviously either a misstatement or scrivener's error by the court reporter—not a failure of proof.

¶23. In Ward's indictment, the State listed three 2006 Bolivar County convictions as supporting Ward's habitual-offender status: 2006-054-CR2, 2006-055-CR2, and 2006-056-CR2. Similarly, the State relied on these same three prior convictions to support Ward's habitual-offender sentencing for two burglary convictions in another felony habitual-offender case back in 2018. ***Ward***, 297 So. 3d at 291 n.2. So it is apparent the State was referring to either Ward's conviction in Cause Number 2006-055-CR2 or 2006-056-CR2. After all, Ward's counsel *did not* object to the State's presenting the certified copies of this conviction

11

based on its omission from the indictment. So one of two things happened—the prosecutor misspoke as to the cause number, or the court reporter mistyped the cause number. Neither are failures of proof when the record makes clear the judge reviewed these convictions.

¶24. Instead of vacating a habitual-offender sentence based solely on a scrivener's-type error, the better course is to submit to the trial judge the question of whether the record accurately reflects what occurred. This would allow the trial judge to make a correction, if necessary. Normally, this would occur by order of this Court. *See* Miss. R. App. P. 10(e). But because we are already remanding the speedy-trial issue back to the trial court—a move I have no objection to—I suggest we also remand this simple cause-number question to the trial court too. If the State was indeed referring to Cause Number 2006-055-CR2, then the record—as corrected by the trial court—would sufficiently support the judge's finding Ward to be a habitual offender and sentencing him as such. And there is no reason to vacate his sentence.

**GRIFFIS, J., JOINS THIS OPINION.**